UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil Case No. 1:24-cv-22252

JEAN KELLEY,

      Plaintiff,

vs.

CARNIVAL CORPORATION d/b/a
"CARNIVAL CRUISE LINE"

      Defendant.

_____/

## PLAINTIFF'S COMPLAINT AND DEMAND JUR JURY TRIAL

Plaintiff, JEAN KELLEY, hereby sues Defendant, CARNIVAL CORPORATION D/B/A "CARNIVAL CRUISE LINE," and alleges:

## PARTIES, JURISDICTION AND VENUE

1.      This is a negligence action arising out of a trip and fall incident resulting in personal injury that occurred on board a cruise ship at sea in which the amount in controversy, excluding interest and costs, exceeds $75,000.00.

2.      Plaintiff is a citizen of the United States.

3.      Plaintiff is a resident of the State of Florida.

4.      Defendant, CARNIVAL CORPORATION D/B/A "CARNIVAL CRUISE LINE," (hereinafter "CARNIVAL CORPORATION"), is a corporation incorporated under the laws of the Republic of Panama.

5.      Defendant, CARNIVAL CORPORATION's, principal place of business is in Florida.

6.     This case falls within this Court's diversity jurisdiction because the parties are diverse citizens and the amount in controversy exceeds $75,000.00, exclusive of interest or costs; alternatively, this case falls within this Court's admiralty jurisdiction because this action arises from a trip and fall incident that occurred at sea; alternatively, this case falls within this Court's federal question jurisdiction because this action arises under the laws of the United States.

7.     This Court has *in personam* jurisdiction over Defendant, CARNIVAL CORPORATION, because Defendant, CARNIVAL CORPORATION, maintains a presence in Florida and has its principal place of business in Florida.

8.     Venue is proper in the Southern District of Florida because the passenger ticket Defendant, CARNIVAL CORPORATION, sold Plaintiff contains a forum-selection clause, which states that actions such as this action must be litigated before the United States District Court for the Southern District of Florida in Miami.

9.     Plaintiff has performed and satisfied all conditions precedent to be performed by Plaintiff prior to the filing of this Complaint, including, but not limited to, providing written notice of Plaintiff's claim to Defendant, CARNIVAL CORPORATION, within 185 days of the date of Plaintiff's injury; or the conditions have already occurred and/or been waived.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

10.     Plaintiff re-alleges and re-avers the preliminary allegations contained in paragraphs 1-9 as though fully set forth herein.

11.     On or about June 15, 2023, Plaintiff was a fare-paying passenger aboard the Carnival *Liberty,* a cruise ship that Defendant, CARNIVAL CORPORATION, owned and operated (hereinafter the "CRUISE SHIP").

12.     During the afternoon of June 15, 2023, Plaintiff was walking on the Lido Deck

located on Deck 9 of the CRUISE SHIP (hereinafter the "Lido Deck").

13.     The Lido Deck contained a staircase that passengers were permitted to use to either ascend or descend between two separate floors/levels within the Lido Deck (hereinafter the "Stairs").

14.     Unbeknownst to Plaintiff, the Stairs contained a non-transitory and fixed foreign metallic wire-like object of which approximately one-third (1/3) of the object was partially affixed to the side of the Stairs and approximately two-thirds (2/3) of the object was protruding outward into the path of Stairs, which presented a trip hazard to passengers ascending the Stairs (the "Foreign Object").

15.     After taking a few steps while walking on the Stairs to ascend to a higher floor/level within the Lido Deck, Plaintiff's footwear and/or foot came into contact with the Foreign Object as she was ascending the Stairs, which caused her to trip and fall on the Stairs.

16.     Plaintiff was occupying the status of a business invitee of Defendant, CARNIVAL CORPORATION, at the time her footwear and/or foot came into contact with the Foreign Object as she was ascending the Stairs.

## COUNT I – NEGLIGENT FAILURE TO MAINTAIN PREMISES IN A SAFE CONDITION

17.     Plaintiff re-alleges and re-avers the preliminary allegations contained in paragraphs 1-16 as though fully set forth herein.

18.     At the subject time and place, Defendant, CARNIVAL CORPORATION, via its agents/employees, owed Plaintiff a duty of reasonable care under the circumstances.

19.     At the subject time and place, Defendant CARNIVAL CORPORATION, via its agents/employees, breached its duty of care in one or more of the following ways, which caused Plaintiff to suffer serious personal injury when she tripped and fell over the Foreign Object that

was protruding outward from the steps of the Stairs:

    a.    Defendant, CARNIVAL CORPORATION, failed to maintain the Stairs in a reasonably safe condition; and/or

    b.    Defendant, CARNIVAL CORPORATION, failed to repair or remove the Foreign Object from the Stairs; and/or

    c.    Defendant, CARNIVAL CORPORATION, failed to adequately inspect the Stairs to detect dangerous conditions and/or non-transitory foreign objects situated on the Stairs to ensure the safety of its passengers, including, but not limited to, Plaintiff; and/or

    d.    Defendant, CARNIVAL CORPORATION, allowed the Foreign Object to exist on the Stairs and expose its passengers, including, but not limited to, Plaintiff, to an unreasonable risk of encountering it and sustaining injury;

20.    Defendant, CARNIVAL CORPORATION, via its agents/employees, was on actual prior notice of the Foreign Object on the Stairs because of the following:

    a.    Defendant, CARNIVAL CORPORATION, placed, installed, or erected the Foreign Object on the Stairs; and/or

    b.    Defendant, CARNIVAL CORPORATION, observed the Foreign Object on the Stairs; and/or

    c.    Defendant, CARNIVAL CORPORATION's, agents/employees, encountered or came into physical contact with the Foreign Object while traversing on the Stairs; and/or

    d.    Defendant, CARNIVAL CORPORATION, was informed by other persons

that the Foreign Object was on the Stairs; and/or

  e. Defendant, CARNIVAL CORPORATION's, agents/employees, painted over a portion of the Foreign Object that was affixed to the side of the Stairs in a blue color and knew of the existence of the Foreign Object when it painted over it.

21. Additionally and/or alternatively, Defendant, CARNIVAL CORPORATION, via its agents/employees, was on constructive prior notice of the Foreign Object on the Stairs because of the following:

  a. Defendant, CARNIVAL CORPORATION's, agents/employees, traversed within close physical proximity of the Foreign Object on the Stairs on one or more occasions, and it should have seen the Foreign Object; and/or

  b. A portion of the Foreign Object was fixed to the side of the Stairs and it was non-transitory, such that the only reasonable inference that could be drawn was that the Foreign Object was in existence for a long period of time; and/or

  c. Defendant, CARNIVAL CORPORATION's agents/employees, painted over a portion of the Foreign Object that was affixed to the side of the Stairs in a blue color and should have known of the existence of the Foreign Object when it painted over it.

22. Additionally and/or alternatively, Defendant, CARNIVAL CORPORATION, via its agents/employees, had prior constructive notice of the Foreign Object on the Stairs because of the following:

  a. Defendant, CARNIVAL CORPORATION, was aware that non-transitory

foreign objects protruding from the steps of the Stairs, including, but not limited to, the Foreign Object, was a persistent and recurring problem that occurred with frequent regularity based on the several times that it had conducted repairs, improvements, modifications, or alterations to the Stairs to remove non-transitory foreign objects protruding from the steps of the Stairs; and/or

b.      Defendant, CARNIVAL CORPORATION, was aware that the manner in which it was conducting its repairs, improvements, modifications, or alterations to the Stairs was poor, inadequate, substandard, or lacking in good workmanship, such that non-transitory foreign objects, including the Foreign Object, were likely to continue protruding from the steps of the Stairs and that this was a persistent and recurring problem that occurred with frequent regularity;

23.     The dangerous conditions that existed on the Stairs occurred with such frequent regularity that it was foreseeable to Defendant, CARNIVAL CORPORATION, that non-transitory foreign objects, including the Foreign Object, would protrude from the steps of the Stairs again and that patrons, including Plaintiff, could or would come into contact with the Foreign Object.

24.     Defendant, CARNIVAL CORPORATION, breached its duty to Plaintiff and placed or allowed the Foreign Object to exist on the Stairs, which caused Plaintiff to fall and suffer injuries.

25.     As a result of Defendant, CARNIVAL CORPORATION's, negligence, Plaintiff suffered bodily injury and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense

6

of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

26.     Plaintiff demands a trial by jury for Count I.

### COUNT II – NEGLIGENT FAILURE TO WARN

27.     Plaintiff re-alleges and re-avers the preliminary allegations contained in paragraphs 1-16 as though fully set forth herein.

28.     At the subject time and place, Defendant, CARNIVAL CORPORATION, via its agents/employees, owed Plaintiff a duty of reasonable care under the circumstances.

29.     Defendant, CARNIVAL CORPORATION, via its agents/employees, was on actual prior notice of the Foreign Object on the Stairs because of the following:

   a.     Defendant, CARNIVAL CORPORATION, placed, installed, or erected the Foreign Object on the Stairs; and/or

   b.     Defendant, CARNIVAL CORPORATION, observed the Foreign Object on the Stairs; and/or

   c.     Defendant, CARNIVAL CORPORATION's agents/employees, encountered or came into physical contact with the Foreign Object while traversing on the Stairs; and/or

   d.     Defendant, CARNIVAL CORPORATION, was informed by other persons that the Foreign Object was on the Stairs; and/or

   e.     Defendant, CARNIVAL CORPORATION's, agents/employees, painted over a portion of the Foreign Object that was affixed to the side of the Stairs in a blue color and knew of the existence of the Foreign Object when it

painted over it

30.     Additionally and/or alternatively, Defendant, CARNIVAL CORPORATION, via its agents/employees, was on constructive prior notice of the presence of the Foreign Object on the Stairs because of the following:

      a.     Defendant, CARNIVAL CORPORATION's, agents/employees, traversed within close physical proximity of the Foreign Object on the Stairs on one or more occasions, and it should have seen the Foreign Object; and/or

      b.     A portion of the Foreign Object was fixed to the side of the Stairs and it was non-transitory, such that the only reasonable inference that could be drawn was that the Foreign Object was in existence for a long period of time; and/or

      c.     Defendant, CARNIVAL CORPORATION's agents/employees, painted over a portion of the Foreign Object that was affixed to the side of the Stairs in a blue color and should have known of the existence of the Foreign Object when it painted over it.

31.     Additionally and/or alternatively, Defendant, CARNIVAL CORPORATION, via its agents/employees, had prior constructive notice of the Foreign Object on the Stairs because of the following:

      a.     Defendant, CARNIVAL CORPORATION, was aware that non-transitory foreign objects protruding from the steps of the Stairs, including, but not limited to, the Foreign Object, was a persistent and recurring problem that occurred with frequent regularity based on the several times that it had conducted repairs, improvements, modifications, or alterations to the Stairs

8

to remove non-transitory foreign objects protruding from the steps of the Stairs; and/or

b.    Defendant, CARNIVAL CORPORATION, was aware that the manner in which it was conducting its repairs, improvements, modifications, or alterations to the Stairs was poor, inadequate, substandard, or lacking in good workmanship, such that non-transitory foreign objects, including the Foreign Object, were likely to continue protruding from the steps of the Stairs and that this was a persistent and recurring problem that occurred with frequent regularity;

32.    The dangerous conditions that existed on the Stairs occurred with such frequent regularity that it was foreseeable to Defendant, CARNIVAL CORPORATION, that non-transitory foreign objects, including the Foreign Object, would protrude from the steps of the Stairs again and that patrons, including Plaintiff, could or would come into contact with the Foreign Object.

33.    The Foreign Object was latent and not readily apparent to passengers, including, but not limited to, Plaintiff because of the following:

a.    The Foreign Object was relatively small in size, and, due to its size, passengers, including, but not limited to, Plaintiff, were not capable of observing it while walking on the Stairs; and/or

b.    The Foreign Object was located near the furthest corner of a step(s) of the Stairs and not directly in the middle of the steps of the Stairs, and, due to its location, passengers, including, but not limited to, Plaintiff, were not capable of observing it while walking on the Stairs; and/or

c.    A portion of the Foreign Object that was affixed to the side of the Stairs was

painted in a blue color, which was the same color as the side of the Stairs, which prevented passengers, including, but not limited to, Plaintiff, from observing it while walking on the Stairs.

34.     As a result of the actual and/or constructive knowledge that Defendant, CARNIVAL CORPORATION, had of the hazards described in paragraphs 28-33, Defendant, CARNIVAL CORPORATION, had a duty to warn invitees, including, but not limited to, Plaintiff, of the Foreign Object on the Stairs.

35.     Defendant, CARNIVAL CORPORATION, via its agents/employees, breached its duty to warn Plaintiff in one or more of the following ways:

   a.   Defendant, CARNIVAL CORPORATION, failed to close the Stairs until such time that the hazardous condition caused by the Foreign Object was remediated and/or removed; and/or

   b.   Defendant, CARNIVAL CORPORATION, failed to restrict access to the Stairs until such time that the hazardous condition caused by the Foreign Object was remediated and/or removed; and/or

   c.   Defendant, CARNIVAL CORPORATION, failed to erect warning devices on or around the Stairs to warn patrons, including the Plaintiff, of the Foreign Object and dangerous conditions that existed on the Stairs; and/or

   d.   Defendant, CARNIVAL CORPORATION, failed to place conspicuous signage on or around the Stairs advising invitees, including, but not limited to, Plaintiff that the Stairs was in a dangerous condition as a result of the Foreign Object.

36.     Defendant, CARNIVAL CORPORATION's, failure to warn Plaintiff of the hazardous condition caused by the Foreign Object present on the Stairs caused her to fall and

suffer injuries.

37.     As a result of Defendant, CARNIVAL CORPORATION's, negligence, Plaintiff suffered bodily injury and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

38.     Plaintiff demands a trial by jury for Count II.

WHEREFORE, Plaintiff demands judgment for more than $75,000 in damages against Defendant, CARNIVAL CORPORATION; costs; and a jury trial.

Dated: June 11, 2024.                          Respectfully Submitted,

                                               **STEINLAW, P.A.**
                                               *Attorneys for Plaintiff*
                                               20807 Biscayne Boulevard
                                               Suite 200
                                               Aventura, FL 33160
                                               Tel: (786) 230-3819
                                               Fax: (305) 627-3302
                                               E-mail: jbrenner@steinlaw.com
                                               E-mail: rpumariega@steinlaw.com
                                               E-mail: kreyes@steinlaw.com

                                               By: /s/ Jason Brenner
                                                   **JASON BRENNER, ESQ.**
                                                   Florida Bar No.: 86731
                                                   **ROLANDO PUMARIEGA, ESQ.**
                                                   Florida Bar No.: 101457